UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MARIA D. MOYA<br>*Plaintiffs,*<br><br>v.<br><br>ALLSTATE INSURANCE COMPANY<br>*Defendant.* | §<br>§<br>§<br>§     CASE NO. 5:20-CV-462<br>§<br>§<br>§ |

## DEFENDANT ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY'S NOTICE OF REMOVAL

Defendant Allstate Fire and Casualty Insurance Company ("Allstate"), misnamed as Allstate Insurance Company, hereby removes this lawsuit which is currently pending in the County Court at Law No. 3, Bexar County, Texas, Cause No. 2020-CV-01717, to the United States District Court for the Western District of Texas, San Antonio Division, pursuant to 28 U.S.C. §§ 1441 and 1446, on the grounds of diversity of citizenship and amount in controversy, and respectfully shows the Court as follows:

### BACKGROUND

1. On March 6, 2020, Plaintiff filed her Original Petition styled *Maria D. Moya v. Allstate Insurance Company*, in County Court at Law No. 3, Bexar County, Texas, Cause No. 2020-CV-01717, in which Plaintiff seeks a declaratory judgment in relation to a claim for underinsured motorist benefits. *See* Exhibit A, Plaintiff's Original Petition.

2. Plaintiff served Defendant Allstate with Plaintiff's Original Petition and process on March 17, 2020, by certified mail on its registered agent. *See* Exhibit B, Citation of Service.

3. Plaintiff seeks a declaratory judgment in relation to a claim for underinsured motorist benefits and further seeks to recover her attorney's fees. Exhibit A at ¶¶ 13, 14, 20 &

21. Plaintiff affirmatively pleads for "monetary relief over $100,000.00 but not more than $200,000.00." *Id.* at ¶ 12. Plaintiff further alleges that the policy that is the subject of this suit has applicable limits of $100,000.00 and then goes on to allege that the aggregate recovery sought is less than $75,000.00. *Id.* However, this allegation of damages of less than $75,000.00 is not sufficient to defeat federal diversity jurisdiction in this matter.

4. Plaintiff has demanded a jury trial.

5. Defendant has not answered the suit in state court.

6. The State Court Docket Sheet is attached hereto as Exhibit C.

### GROUNDS FOR REMOVAL

7. This Court has original jurisdiction of this suit based on 28 U.S.C. § 1332(a) because this suit involves a controversy between citizens of different states and there is complete diversity between the parties at the time of the filing of the suit and at the time of the removal. Further, the amount in controversy, exclusive of interest and costs exceeds $75,000.00.

**A. Parties are Diverse**

8. Plaintiff is a natural person who affirmatively alleges that she resides in Bexar County, Texas. *See Plaintiff's Original Petition,* Exhibit A, ¶ 2. Plaintiff has not pled any other facts of her residency, intention to leave Texas, or domiciles in other States. *Id.* Accordingly, Plaintiff's citizenship at the time of the filing of the suit and at the time of removal is properly established as the State of Texas. *See Hollinger v. Home State Mut. Ins. Co.,* 654 F.3d 564, 571 (5th Cir. 2011).

9. Defendant Allstate Fire and Casualty Insurance Company, is an Illinois corporation with its principle place of business in Illinois and is a citizen of Illinois.

B. **Amount in Controversy**

10. The party seeking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. *Grant v. Chevron Phillips Chem. Co. L.P.,* 309 F.3d 864, 868 (5th Cir. 2002). The removing party may satisfy its burden by either (1) demonstrating that it is "facially apparent" from the petition that the claim likely exceeds $75,000.00, or (2) "by setting forth the facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount." *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995).

11. If a defendant can produce evidence that establishes the actual amount in controversy exceeds the jurisdictional threshold, a plaintiff must be able to show that, to a legal certainty, he will not be able to recover more than the damages for which he has prayed in the state court complaint. *See De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1409 (5th Cir. 1995).

12. Here, pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff's pleading makes a claim "monetary relief over $100,000.00 but not more than $200,000.00." Exhibit A at ¶ 12[1]. Plaintiff has affirmatively pleaded for recovery in an amount greater than the $75,000.00 threshold for diversity jurisdiction, even though Plaintiff could have pleaded an amount of monetary relief of $100,000 or less under Rule 47 of the Texas Rules of Civil Procedure. Plaintiff also acknowledges that the policy that is at controversy in this matter has limits of $100,000 and, additionally, Plaintiff is not seeking to just recover under the Policy, but

---

[1] Rule 47 requires one of the following claims for relief:
(1) only monetary relief of $100,000 or less, including damages of any kind, penalties, costs, expenses; prejudgment interest, and attorney fees; or
(2) monetary relief of $100,000 but not more than $200,000; or
(3) monetary relief over $200,000 but not more than $1,000,000; or
(4) monetary relief over $1,000,000
*See* TEX. R. CIV. P. 47.

is also seeking to recover attorney's fees.[2]  Exhibit A at ¶¶ 13, 14, 20 & 21.  Thus on the face of the Petition this matter clearly exceeds the amount in controversy requirement set forth in 28 U.S.C. § 1332.

13. Plaintiff's allegation that that the aggregate recovery sought is less than $75,000.00 does not control or carry weight in determining diversity jurisdiction.  While Texas Rule of Civil Procedure 47 prohibits a plaintiff from declaring a specific amount in controversy, it is clear that Plaintiff's pleading attempts to avoid federal jurisdiction with such language. This is even more clear when it is considered that Plaintiff could have pleaded for an amount less than $100,000 and yet chose to plead an amount greater than $100,000.  Even if Plaintiff had pleaded for an amount of less than $100,000, the language of the pleading can only serve as a binding stipulation when the Plaintiff indicates the "plaintiff would not accept an award in excess of $75,000." *Vielma v. ACC Holding, Inc.*, No. EP-12-CV-501-KC, 2013 WL 3367494 at *5-6 (W.D. Tex. Apr. 16, 2013)(citing *Zubie Wear v. Am. Time Mfg. Ltd.*, SA-12-CV-763-XR, 2012 WL 6629603 at *2 (W.D. Tex. Dec. 19, 2012)(emphasis added).  Here, Plaintiff has not indicated that they would accept less than $75,000.

### REMOVAL IS PROCEDURALLY PROPER

14. This notice of removal is timely filed within thirty (30) after service of process upon Defendant. *See* 28 U.S.C. §1441(b)(1).

15. Venue is proper in this Court under 28 U.S.C. §1441(a) because this District and Division of this Court embraces Bexar County, Texas, the place where the State Court suit was filed.

---

[2] In determining the amount in controversy relative to coverage under an insurance policy, the Fifth Circuit in *St. Paul Reinsurance Co. v. Greenberg,* defined the "object of the litigation" as the "value of the right to be protected." 134 F. 3d 1250 (5th Cir. 1998)(declaratory judgment action); *see also Noyola v. State Farm Lloyds,* No. 7:13-CV-146, 2013 WL 3353963 (W.D. Tex. 2013)(applying *St. Paul Reinsurance Co.* analysis to breach of contract case arising from hailstorm damage claim).

16. Pursuant to 28 U.S.C. §1446(a), all pleadings, process, and orders served upon Defendant in the state court action are attached herein as <u>Exhibits A</u>, <u>B</u>, & <u>C</u>.

17. Pursuant to 28 U.S.C. §1446(d), Defendant will promptly provide a true and correct copy of this Notice of Removal to Plaintiff and to the Clerk of Bexar County Court.

### PRAYER FOR RELIEF

18. Defendant Allstate Insurance Company prays that the Court accept jurisdiction over the state court action for the reasons set forth above, and grant Defendant any such other and further relief to which it may show itself justly entitled.

Respectfully submitted,

**VALDEZ & TREVIÑO,**
**ATTORNEYS AT LAW, P.C.**
Callaghan Tower
8023 Vantage Drive, Suite 700
San Antonio, Texas 78230
Phone: 210–598–8686
Fax: 210–598–8797

 /s/  Sarah E. Smart
**Robert E. Valdez**
State Bar No. 20428100
revaldez@valdeztrevino.com
**Sarah E. Smart**
State Bar No. 24089406
ssmart@valdeztrevino.com
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I do hereby certify that the foregoing instrument was served on the following counsel this 13th day of April 2020, pursuant to Rule 5 of the Federal Rules of Civil Procedure, via the CM/ECF system:

Jason J. Thompson
The Thompson Law Firm
405 North Saint Mary's Street, Suite 800
San Antonio, Texas 78205
Tel: (210) 900-0400
Fax (855) 410-4077
Email: Jason@jjthompsonlaw.com
*Counsel for Plaintiff*

                                                  /s/ *Sarah E. Smart*
                                                  Sarah E. Smart